# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROMERO LOMAX, | CASE NO. 10cv2226-WQH (WMc) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ORDER TO COMPEL (ECF No. 31)** |
| vs. | |
| DR. CANLAS, et al., | |
| Defendants. | |

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP") with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983, filed a "Motion to Compel." [ECF No. 31]. Specifically, Plaintiff requests the Court find Defendants in contempt of court for violating the court order directing the U.S. Marshal to effect service and order the Defendants to provide the addresses of the following un-served Defendants: Dr. Farinas, G. Cassesi, Dr. K. L. Hawthorne, MARS Committee, Dr. Lehv, N. Grannis, Mathew Cate, and Dr. John Lubisich. (ECF No. 31, pg. 1).

"[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, and having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effectuate service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). So long as the prisoner has furnished the information necessary to identify the defendant, the Marshal's failure to effect service of process is automatically good cause within the meaning of FED.R.CIV.P. 4[m]. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.

1994).[1]

Here, Plaintiff has sufficiently identified Defendants Matthew Cate, Dr. Lehv, Dr. Farinas, N. Grannis, Dr. K. L. Hawthorne, and G. Cassesi because he has identified them by name and title as employees or independent contractors of the California Department of Corrections and Rehabilitation ("CDCR"). Thus, *as long as the privacy of Defendants Cate, Hawthorne, Lehv, Farinas, and Cassesi's forwarding addresses can be preserved*, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon those Defendants on his behalf. *See Puett*, 912 F.2d at 275.

The electronic docket does not indicate service was attempted on Defendants Lubisich or Grannis. It is unclear whether Plaintiff attempted to serve these Defendants. Nevertheless, Plaintiff insists he complied with the Court's prior order instructing him how to complete the "IFP package." Plaintiff has sufficiently identified Defendants Grannis and Lubisich and thus, *as long as the privacy of these Defendants' forwarding addresses can be preserved*, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon them on his behalf. *See Id.*

Also, it is unclear from Plaintiff's Complaint whether he is attempting to sue the MAR Committee as a separate entity or if he is seeking to sue the individual members of the MAR Committee. Further, after a thorough review of the Complaint, it remains unclear which of the Defendants, either served or un-served, were members of the MAR Committee. To the extent Plaintiff seeks to sue the committee separate and apart from its individual members, the committee should be dismissed as a Defendant because the MAR Committee is not a person. *See* 42 U.S.C. § 1983. If Plaintiff intends to sue any individual MAR Committee members not already identified as Defendants, Plaintiff should file an amended complaint identifying those individuals by name.

Finally, the Court concludes Plaintiff has failed to demonstrate the Defendants have

---

[1] Rule 4(m) provides that "[i]f service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend time for service for an appropriate period." FED.R.CIV.P. 4(m).

- 2 -     10cv2226-WQH (WMc)

1  acted in contempt of court. Plaintiff does not specify how the Defendants, or which
2  Defendants, violated the Court's order. Presumably, Plaintiff is requesting the Court hold the
3  Defendants in contempt because of the U.S. Marshal's unsuccessful service attempt on
4  Defendants Lehv, MAR Committee, Hawthorne, Farinas, and Cassesi. However, the U.S.
5  Marshal is not a defendant. Additionally, Plaintiff has failed to allege *the Defendants* impeded
6  or hindered service. Without more, the Court cannot find the Defendants in contempt for the
7  alleged failure of the U.S. Marshal.

8  **Conclusion and Order**

9  Accordingly, the Court **DENIES** Plaintiff's request to find the Defendants in contempt.
10  The Court **GRANTS** Plaintiff's motion to compel and **ORDERS** Defendants' counsel to
11  provide the forwarding address for Defendants Cate, Lehv, Farinas, Grannis, Hawthorne,
12  Lubisich, and Cassesi to the U.S. Marshal in a *confidential memorandum* indicating that the
13  summons and complaint is to be delivered to that address. The Defendants' counsel shall
14  provide the U.S. Marshal with any such information on or before **December 30, 2011.**

15  Within forty-five (45) days of receipt of any available address from the Defendants'
16  counsel, the Court **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and
17  summons upon defendants Cate, Lehv, Farinas, Grannis, Hawthorne, Lubisich, and Cassesi
18  referenced herein. All costs of service shall be advanced by the United States pursuant to 28
19  U.S.C. § 1915(d) and FED.R.CIV.P. 4(c)(3).

20  **IT IS FURTHER ORDERED** that the Clerk of the Court provide a copy of: (1) the
21  Court's December 07, 2010 Service Order [ECF No. 4]; (2) this Order; (3) the Complaint,
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1 summons and a blank U.S. Marshal Form 285 to Defendants' counsel for purposes of re-
2 attempting service as to Cate, Lehv, Farinas, Grannis, Hawthorne, Lubisich, and Cassesi.
3 However, both the Defendants' counsel and the Office of the U.S. Marshal are **ORDERED**
4 to keep the addresses provided for Cate, Lehv, Farinas, Grannis, Hawthorne, Lubisich, and
5 Cassesi strictly confidential.  Thus, the addresses *shall not* appear on any U.S. Marshal Form
6 285, *shall not* be provided to Plaintiff, and *shall not* be made part of the Court's record.

   **IT IS SO ORDERED**.

DATED: December 15, 2011

*[signature]*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court