# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROMERO LOMAX,<br><br>               Plaintiff,<br>vs.<br><br>CANLAS; WHITEHEAD; FARINAS; LEHV; CHOO; JAYASUNDARA; JOHN LUBISICH; K.L. HAWTHORNE; MATTHEW KATE; N. GRANNIS; E. FRANKLIN; MEDICAL AUTHORIZATION REVIEW COMMITTEE; TYLER; R. HERNANDEZ; SILVA; E. ROMERO; G. CASSESI,<br><br>               Defendants. | CASE NO. 10cv2226 WQH-WMc<br><br>ORDER |

HAYES, Judge:

    The matter before the court is the Report and Recommendation filed by United States Magistrate Judge William McCurine recommending that the Motion to Dismiss filed by Defendants Canlas, Whitehead, Choo, Jayasundara, Franklin, Tyler, Hernandez, Silva, and Romero be granted. (ECF No. 43).

## BACKGROUND

    On October 26, 2010, Plaintiff, a prisoner then incarcerated at R.J. Donovan Correctional Facility ("Donovan") and proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (ECF No. 1). Plaintiff also filed

a motion to proceed in forma pauperis that was granted by the Court on December 7, 2010. (ECF No. 4). In the Complaint, Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to provide adequate medical care while Plaintiff was incarcerated at Donovan from 2007 to 2009.

Among other allegations in the Complaint, Plaintiff alleges that: Defendant Jayasundara, nurse practitioner, performed unauthorized surgery on Plaintiff without providing pain medication; Defendant Romero, health care manager, made false statements in a staff response report; Defendants Grannis and Franklin, Chief of Inmate Appeals and Appeals Coordinator, respectively, denied Plaintiff's right to redress of his emergency grievances; and Defendants Cate and Hernandez, Director of the California Department of Corrections and Rehabilitation and Warden of Donovan, respectively, disregarded Plaintiff's pleas for assistance regarding his medical treatment.

On April 21, 2011, Defendants Canlas, Whitehead, Choo, Jayasundara, Franklin, Tyler, Hernandez, Silva, and Romero filed a Motion to Dismiss. (ECF No. 24). Defendants contend that Plaintiff fails to state a claim against Defendant Jayasundara for deliberate indifference to medical needs under the Eighth Amendment; Plaintiff fails to state a claim against Defendants Franklin, Romero, and Grannis under the Fourteenth Amendment due process clause with respect to plaintiff's inmate appeal; Plaintiff fails to state a claim against Defendants Hernandez and Cate for supervisory liability; and further that Plaintiff cannot sue any of the Defendants in their official capacities. On June 9, 2011, Plaintiff filed an opposition. (ECF No. 29). On July 1, 2011, Defendants filed a reply. (ECF No. 36).

On December 9, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the Motion to Dismiss be granted. (ECF No. 43). The Report and Recommendation concluded:

> IT IS HEREBY ORDERED that no later than January 6, 2012, any party to this action may file written objections with the Court....
>
> IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than January 13, 2012. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

(ECF No. 43 at 15, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)).  The docket reflects that no objections to the Report and Recommendation have been filed.

**REVIEW OF THE REPORT AND RECOMMENDATION**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b).  The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

After reviewing the Report and Recommendation, the record in this case, and the submissions of the parties regarding the claims against Defendant Jayasundara, the Court finds that the Magistrate Judge correctly stated that "mere claims of 'indifference,' 'negligence,' or 'medical malpractice' do not support a claim under § 1983." (ECF No. 43 at 9, citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.1980)).  The Magistrate Judge correctly concluded that, "[a]lthough plaintiff's allegations suggest Jayasundara may have acted negligently, something more than negligence, or gross negligence, or medical malpractice is required for a violation of the Eighth Amendment." *Id.* at 10, citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  The Magistrate Judge correctly concluded that "the Complaint fails to set forth facts to demonstrate Jayasundara acted with a deliberate indifference to plaintiff's medical needs." *Id*.

The Magistrate Judge correctly stated that "[a] dismissal under Rule 12(b)(6) is generally proper only where there 'is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Id.* at 10, citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Regarding the claims against Defendant Romero, the Magistrate Judge correctly found that, "Plaintiff neither specifies what false things Romero wrote in his response nor identifies the issues Romero failed to address." *Id*. at 11.  The Magistrate Judge

1  correctly concluded that Plaintiff's claims against Defendant Romero "lack the specificity and
2  factual content required for a cognizable claim." *Id*. Regarding the claims against Defendants
3  Grannis and Franklin, the Magistrate Judge correctly found that the grievance forms and
4  inmate appeals submitted to these Defendants "contain general grievances regarding the delay
5  of surgery." *Id.* at 12. The Magistrate Judge correctly concluded that Plaintiff "failed to allege
6  any facts to indicate these defendants intentionally denied, delayed, or interfered with his
7  medical treatment" and that Plaintiff "failed to state a cognizable Eighth Amendment claim
8  against Grannis and Franklin." *Id*. The Magistrate Judge correctly concluded that, "[t]o the
9  extent plaintiff raises a Fourteenth Amendment due process claim against Grannis, Franklin,
10 and Romero... Plaintiff fails to state a legally cognizable claim because he does not allege any
11 facts in support thereof with sufficient specificity." *Id.*

12  Regarding the claims against Defendant Hernandez and Cate, the Magistrate Judge
13 correctly stated that, "a supervisor may be liable only if he or she is personally involved in the
14 constitutional deprivation, or if there is a sufficient causal connection between the supervisor's
15 wrongful conduct and the constitutional violation." (*Id.* at 13, citing *Jones v. Williams,* 297
16 F.3d 930, 937 (9th Cir. 2002); *MacKinney v. Nielsen,* 69 F.3d 1002, 1008 (9th Cir. 1995)).
17 The Magistrate Judge correctly concluded that Plaintiff "failed to allege any facts to suggest
18 Cate and Hernandez 'participated in or directed the violations, or knew of the violations and
19 failed to act to prevent them.'" *(Id.* at 14, citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
20 1989)).

21  Regarding Plaintiff's prayer for monetary damages and injunctive relief, the Magistrate
22 Judge correctly stated that, "[w]hile the Eleventh Amendment bars a prisoner's section 1983
23 claims against state actors sued in their official capacities, it does not bar damage actions
24 against state officials in their personal capacities. In addition, it does not bar actions against
25 state officers in their official capacities if the plaintiff seeks injunctive relief." *Id.* (citations
26 omitted). The Magistrate Judge correctly concluded that, "[a]lthough plaintiff is foreclosed
27 from seeking money damages against defendants in their official capacity, he may still seek
28 injunctive relief against the defendants in their official capacity as well as money damages

against the defendants in their individual capacity." *Id.*

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 43) is ADOPTED in its entirety. The Motion to Dismiss Plaintiff's claims against Defendants Jayasundra, Franklin, Romero, Grannis, Cate, and Hernandez is GRANTED with leave to amend. The Motion to Dismiss Plaintiff's claim for monetary damages against all defendants in their official capacities is GRANTED with prejudice.

No later than **sixty (60) days** from the date of this Order, Plaintiff may file an amended complaint. If Plaintiff files an amended complaint, the pleading must be complete in itself and may not incorporate by reference any prior pleading. Any defendant not named, and all claims not re-alleged, will be deemed waived. If Plaintiff does not file an amended complaint within 60 days from the date of this Order, this case shall proceed as to the claims in the Complaint which remain after this Order.

DATED: February 9, 2012

**WILLIAM Q. HAYES**
United States District Judge