1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  PETER ROMERO LOMAX,                     CASE NO. 10cv2226-WQH (WMc)

12                              Plaintiff,   **REPORT AND**
                                             **RECOMMENDATION ON**
13          vs.                              **DEFENDANT J. LUBISICH'S**
                                             **MOTION TO DISMISS**
14  DR. CANLAS, et al.,                      **PLAINTIFF'S COMPLAINT**

15                              Defendants.

16

17                          **Introduction**

18          Plaintiff, formerly incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San

19  Diego, California, and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. §

20  1983.[1] Plaintiff alleges various prison and medical officials at RJD and Alvarado Hospital have

21  violated his Eighth Amendment right to adequate medical care.[2] (Plaintiff's Complaint at 9; ECF

22  No. 1).[3] Plaintiff seeks injunctive relief as well as general and punitive damages. (*Id*. at 60-61).

23          On February 1, 2012, defendant Dr. Lubisich brought a motion to dismiss plaintiff's

24  complaint. (ECF No. 54).  Dr. Lubisich contends the Court should dismiss plaintiff's complaint

25  because: (1) plaintiff failed to state a claim against defendant Lubisich for deliberate indifference

26  ─────────────────

27          [1] Plaintiff now lives in Tennessee. *See* (ECF No. 37).

28          [2] Plaintiff's underlying condition was a tumor located near his perineum.

            [3] The Court will refer to the pleadings by the number assigned by CM/ECF, i.e., ECF No. 1.

to his medical needs under the Eighth Amendment, and (2) plaintiff failed to plead an actionable section 1983 civil-rights claim because he failed to allege defendant Lubisich acted under color of state law. Plaintiff has not filed an opposition to Dr. Lubisich's motion.

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court for the Southern District of California. After reviewing the pleadings and Lubisich's motion, and for the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED**.

## Plaintiff's Claims Against Dr. Lubisich

Plaintiff contends Dr. Lubisich allowed plaintiff's medical condition to worsen because he wrote an incomplete and ambiguous medical report. (ECF No. 1 at 4). Plaintiff also contends Dr. Lubisich acted under color of state law because he was an independent contractor for a state agency. (*Id.*) Plaintiff concludes Dr. Lubisich intentionally disregarded the growth's increased size, plaintiff's pain, plaintiff's inability to walk, and the denial of timely surgery. (*Id.* at 12-13). Plaintiff attached to the complaint what appears to be a ultrasound report completed by Dr. Lubisich. (*Id.* at Exhibit C, pg. 7).

## Dr. Lubisich's Motion to Dismiss

Dr. Lubisich moves to dismiss plaintiff's claims against him on two grounds. *First*, Dr. Lubisich contends plaintiff failed to state facts sufficient to establish an Eighth Amendment violation because plaintiff failed to allege how Dr. Lubisich purposely ignored or failed to respond to plaintiff's medical needs. (ECF No. 54 at 8). *Second*, Dr. Lubisich contends plaintiff failed to allege sufficient facts to support a section 1983 cause of action because plaintiff failed to set forth "any facts to tether a nexus between [Dr. Lubisich] and the State." (*Id.* at 11).

## Standard of Review

### *Rule 12(b)(6) Motion to Dismiss*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). The old formula—that the complaint must not be dismissed unless it is beyond doubt without merit—was discarded by *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 563 n.8 (2007).

Now, a complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

The court looks at whether the plaintiff fulfilled his obligation to provide the "grounds of his entitle[ment] to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation omitted)). A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see Halkin v. VeriFone, Inc.*, 11 F.3d 865, 868 (9th Cir. 1993); *see also Cholla Ready Mix*, 382 F.3d at 973 (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994)) (stating that on Rule 12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged"). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When analyzing the sufficiency of a complaint, courts may consider the plaintiff's exhibits attached to his complaint. *See Parks Sch. of Bus.*, 51 F.3d at 1484 (citing *Cooper v. Bell*, 628 F.2d

1208, 1210 n.2 (9th Cir. 1980)). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . . . " *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Stone v. Writer's Guild of Am. W., Inc*., 101 F.3d 1312, 1313–14 (9th Cir. 1996). Here, plaintiff has attached various grievance forms, administrative appeal forms, and medical request forms to his complaint. The Court will consider these exhibits in addressing defendant's motion.

### Standards Applicable to Pro Se Litigants

Where a plaintiff appears *in propria persona* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id*.; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under section 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

Nevertheless, the court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation omitted). Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623–24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

*Stating a Claim Under 42 U.S.C. § 1983*

To state a claim under section 1983, the plaintiff must allege facts sufficient to show (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C.A. § 1983 (West 2003); *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986).

## Discussion

*Plaintiff's Eighth Amendment Claim Against Defendant Lubisich*

Not every prisoner claim of inadequate medical treatment states a violation of the Eighth Amendment. To state a section 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). A plaintiff must show: (1) a "'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) the defendant's response "was deliberately indifferent." *Jett*, 439 F.3d at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1991)).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104–05; *Jett*, 439 F.3d at 1096.

Deliberate indifference requires a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. Indeed, "neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't Corrs*., 220 F.Supp.2d

1098, 1105 (N.D. Cal. 2002) (citing *Farmer*, 511 U.S. at 835–36); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under section 1983). "[A] mere 'difference of medical opinion ... [is] insufficient, as a matter of law, to establish deliberate indifference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Also, the indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105–06.

Here, plaintiff has successfully established a serious medical need. Plaintiff alleges the presence of a serious tumor intertwined with his internal parts in a private and sensitive area. (ECF No. 1 at 9-10). Furthermore, plaintiff's complaint and attached exhibits show plaintiff's post-surgery recovery process involved the removal of 15 surgical staples recovered from plaintiff's surgical site on three separate occasions. (ECF No. 1 at 14-17). The Court finds these allegations and supporting factual descriptions establish a serious medical need.

However, plaintiff failed to establish Dr. Lubisich acted with a deliberate indifference to plaintiff's medical needs by filing an ambiguous and incomplete medical report. Plaintiff failed to allege any facts or argument as to how the report is ambiguous or incomplete, or how Dr. Lubisich's alleged failure exacerbated plaintiff's condition. Additionally, plaintiff failed to set forth any facts to show Dr. Lubisich had any knowledge or involvement in plaintiff's subsequent surgery or consultations. Importantly, plaintiff failed to allege any facts or argument regarding Dr. Lubisich's intent with regards to the treatment of plaintiff's medical condition.

Accordingly, the Court concludes plaintiff has failed to state a plausible Eighth Amendment cause of action against defendant Lubisich. At best, plaintiff's conclusory allegations suggest Dr. Lubisich may have acted negligently. However, something more than negligence, or gross negligence, or medical malpractice is required for a violation of the Eighth Amendment. *Toguchi*, 391 F.3d at 1060.

///

*Plaintiff Sufficiently Alleges Dr. Lubisich Acted Under Color of State Law*

In the complaint, plaintiff alleges Dr. Lubisich accepted a contract from a state agency. (ECF No. 1 at 4). Additionally, the alleged ultrasound report lists "RJ Donovan Facility" on the top of the form and includes an account number. (*Id.*) Nevertheless, Dr. Lubisich contends plaintiff failed to allege *any* facts to support his contention that he acted under color of state law. (ECF No. 54 at 10).

A defendant may be held liable under 42 U.S.C. § 1983 only if, when he imposed the constitutional deprivation, he did so under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). A private citizen can be liable under section 1983 if he was a "willful participant in joint activity with the State or its agents." *United States v. Price*, 383 U.S. 787, 794 (1966).

There are a number of recognized tests for identifying state action. *See Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir.1983) (describing the government nexus test, the joint action test, the public function test, and the state compulsion test). Under the public function test, a private entity may engage in state action where it exercises powers traditionally exclusively reserved to the State. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974); *Lee v. Katz*, 276 F.3d 550, 555–56 (9th Cir. 2002).

In applying a variation of the public function test to the prison context, the Supreme Court concluded that private individuals who contract with the state to provide services to inmates can, in some circumstances, be considered state actors. *West*, 487 U.S. at 55–56. For example, a physician under contract to provide medical services to inmates was a state actor for purposes of section 1983. *Id*. The Supreme Court linked the state's duty to provide adequate medical care to prisoners with the state's delegation of that duty to a private contractor. *Id*. The Court reasoned:

> It is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can fairly be attributed to the State. Whether a physician is on the state payroll or is paid by contract, the dispositive issue concerns the relationship among the State, the physician, and the prisoner. Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights.

1   *Id.* at 54–55.

2       Here, plaintiff alleges Dr. Lubisich, while under contract with a state agency, filed an

3   ambiguous and incomplete medical report with deliberate indifference to plaintiff's medical needs.

4   In light of the liberal pleading standard afforded *pro se* litigants and the Supreme Court's

5   reasoning in *West*, the Court finds plaintiff sufficiently alleged Dr. Lubisich acted under color of

6   state law. Simply put, plaintiff's allegation is plausible on its face and, if true, could support a

7   finding of state action. *See Id.*

8       Consequently, the Court finds ultimate resolution of this issue is better suited for summary

9   judgment proceedings. Indeed, the majority of cases reviewed by the Court (including the case

10  cited by Dr. Lubisich) address this issue in the context of a more fully developed record on a

11  motion summary judgment. *See Villegas v. Gilroy Garlic Festival Ass'n.*, 541 F.3d 950, 954–55

12  (9th Cir. 2008); *Lowe v. McGuiness*, 2012 WL 1037456, at *1 (E.D. Cal. March 27, 2012) (court

13  converted motion to dismiss into motion for summary judgment); *Sanchez v. Smith*, 2006 WL

14  1515657, at *1 (W.D. Wash. May 24, 2006). However, courts have dismissed claims for failure to

15  allege the defendant acted under the color of state law where the complaint was devoid of any

16  allegation that the defendant acted under the color of state law. *See Prowell v. PK*, 2011 WL

17  3610410, at *5–6 (D. Minn. May 24, 2011). Because plaintiff's complaint plausibly alleges the

18  defendant was under contract with the state whereas defendant's motion to dismiss plausibly

19  alleges defendant is an independent physician, the disagreement cannot be properly resolved by a

20  motion to dismiss and therefore plaintiff's claim survives the challenge.

21  <u>**Dismissal with Prejudice**</u>

22      A *pro se* litigant should be given leave to amend his complaint unless it is absolutely clear

23  that the deficiencies of the complaint cannot be cured by amendment. *See Karim-Panahi*, 839 F.2d

24  at 623.

25      Here, revising plaintiff's Eighth Amendment claims against Dr. Lubisich would prove

26  futile because plaintiff's claims are entirely premised on a negligence theory of liability. *See*

27  *Estelle*, 429 U.S. at 106. Furthermore, a review of the record indicates plaintiff did not previously

28  avail himself of an opportunity to file an amended complaint after the Court ruled on the

defendants' first motion to dismiss (Dr. Lubisich was not included in that motion). In that order, the Court concluded plaintiff's claims against certain defendants failed because, like the claims against defendant Lubisich, plaintiff asserted a negligence theory of liability. *See* (ECF No. 58 at 3). Judge Hayes specifically instructed plaintiff to file an amended complaint on or before April 10, 2012. (*Id.* at 5). Judge Hayes further instructed plaintiff that "any defendant not named, and all claims not re-alleged, will be deemed waived." (*Id.*) Plaintiff neither filed an amended motion, nor requested an extension of time to file an amended motion, nor filed a motion for reconsideration within the sixty day period granted by Judge Hayes.

Accordingly, this Court **RECOMMENDS** plaintiff's allegations against defendant Lubisich be **DISMISSED** without leave to amend.

### Conclusion

For the reasons set forth herein, it is **RECOMMENDED** that an order be entered as follows:

Defendant's Motion to Dismiss plaintiff's claims against Dr. Lubisich be **GRANTED** without leave to amend.

**IT IS ORDERED** that no later than July 6, 2012, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than July 27, 2012. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: June 5, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court