**FILED**
SEP 11 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ROMERO LOMAX, | CASE NO. 10cv2226 WQH-WMc |
| Plaintiff, | ORDER |
| vs. | |
| CANLAS; WHITEHEAD; FARINAS; LEHV; CHOO; JOHN LUBISICH; K.L. HAWTHORNE; MATTHEW KATE; MEDICAL AUTHORIZATION REVIEW COMMITTEE; TYLER; SILVA; G. CASSESI, | |
| Defendants. | |

HAYES, Judge:

The matter before the court is the Report and Recommendation filed by United States Magistrate Judge William McCurine recommending that the Motion to Dismiss filed by Defendant J. Lubisich be granted. (ECF No. 62).

## BACKGROUND

On October 26, 2010, Plaintiff, a prisoner then incarcerated at R.J. Donovan Correctional Facility ("Donovan") and proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). (ECF No. 1). Plaintiff also filed a motion to proceed in forma pauperis that was granted by the Court on December 7, 2010. (ECF No. 4). In the Complaint, Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to provide adequate medical care while Plaintiff was incarcerated at Donovan from 2007 to 2009. Plaintiff alleges that Defendant Lubisich "was acting under

color of law when he accepted contract work from a state agency and allowed Plaintiff's medical condition to get worse by writing an incomplete and ambiguous report regarding Plaintiff's condition." (ECF No. 1 at 4).

On February 1, 2012, Defendant J. Lubisich filed a Motion to Dismiss. (ECF No. 54). Defendant Lubisich contends that Plaintiff has failed to state a claim against Defendant Lubisich for deliberate indifference to Plaintiff's medical needs and that Plaintiff has failed to allege sufficient facts to support liability of Defendant Lubisich under 42 U.S.C. § 1983.

The docket reflects that Plaintiff has not filed any opposition to the Motion to Dismiss filed by Defendant Lubisich.

On June 5, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Motion to Dismiss filed by Defendant Lubisich be granted. (ECF No. 62). The Report and Recommendation concluded:

> IT IS ORDERED that no later than July 6, 2012, any party to this action may file written objections with the Court and serve a copy on all parties....
>
> IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than July 27, 2012. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

(ECF No. 62 at 9, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)). The docket reflects that no objections to the Report and Recommendation have been filed.

**REVIEW OF THE REPORT AND RECOMMENDATION**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

After reviewing the Report and Recommendation and the record in this case, the Court finds that the Magistrate Judge correctly found that, "[a]t best, plaintiff's conclusory allegations suggest Dr. Lubisich may have acted negligently. However, something more than negligence, or gross negligence, or medical malpractice is required for a violation of the Eighth Amendment" (ECF No. 62 at 6, citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)). The Court finds that the Magistrate Judge correctly concluded that, Plaintiff "has failed to state a plausible Eighth Amendment cause of action against [D]efendant Lubisich." *Id.* The Court finds that the Magistrate Judge correctly concluded that "revising plaintiff's Eighth Amendment claims against Dr. Lubisich would prove futile because plaintiff's claims are entirely premised on a negligence theory of liability." *Id.* at 8.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 62) is ADOPTED in its entirety. The Motion to Dismiss Plaintiff's claims against Defendant Lubisich (ECF No. 54) is GRANTED without leave to amend.

DATE: 9/4/12

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE