1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  PETER ROMERO LOMAX,

12                              Plaintiff,

13         vs.

14

15  DR. CANLAS, et al.,

16                              Defendants.

CASE NO. 10cv2226-WQH (WMc)

**REPORT AND RECOMMENDATION ON DEFENDANT LEHV'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**(ECF No. 73)**

17
18

## Introduction

19      Plaintiff, formerly incarcerated at Richard J. Donovan Correctional Facility

20  ("RJD") in San Diego, California, and proceeding *pro se*, filed a civil rights

21  complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges various prison and

22  medical officials at RJD and Alvarado Hospital have violated his Eighth

23  Amendment right to adequate medical care.[2] (Plaintiff's Complaint at 9; ECF No.

24  1).[3] Plaintiff seeks injunctive relief as well as general and punitive damages. (*Id*. at

25  60-61).

26

27      [1] Plaintiff now lives in Tennessee. *See* (ECF No. 37).

        [2] Plaintiff's underlying condition was a tumor located near his perineum.
28
        [3] The Court will refer to the pleadings by the number assigned by CM/ECF, i.e., ECF No. 1.

On October 19, 2012, defendant Dr. Lehv brought a motion to dismiss plaintiff's complaint. (ECF No. 73). Dr. Lehv contends the Court should dismiss plaintiff's complaint because: (1) plaintiff failed to state a claim against Dr. Lehv for deliberate indifference to his medical needs under the Eighth Amendment, and (2) to the extent plaintiff alleges Dr. Lehv was a state actor, plaintiff cannot recover monetary damages from Dr. Lehv in his official capacity. Dr. Lehv contends amendment of the complaint would be futile because plaintiff's claims sound in negligence.

On November 30, 2012, plaintiff filed an opposition to Dr. Lehv's motion to dismiss. (ECF No. 84). In the opposition, plaintiff only addressed Dr. Lehv's deliberate indifference argument, claiming Dr. Lehv examined him, knew plaintiff had trouble walking, was in pain, had been waiting on an ultrasound for months, and that the tumor was growing, but marked his examination report as "ROUTINE" instead of "EMERGENT" or "URGENT," refused to help him and passed him on to the next doctor. (ECF No. 84 at 4).

Dr. Lehv replied to plaintiff's opposition on December 14, 2012. (ECF No. 87).

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court for the Southern District of California. After reviewing the pleadings and Dr. Lehv's motion, and for the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED**.

### **Plaintiff's Claims Against Dr. Lehv**

Plaintiff contends Dr. Lehv was employed as a medical doctor at RJD and acted under color of state law when he denied medical care and treatment to plaintiff. Plaintiff contends "on 9-6-07 Dr. Lehv defendant 2.4 submitted another CDC 7243 form for the same kind of request that was submitted on 7-26-07. On the form there is a section to indicate initial or follow-up, Dr. Lehv marked initial on the

CDC 7243 he filled out when he knew one had already been submitted on 7-26-07 for an ultrasound request where he was required as a physician to have marked follow-up instead of initial." (ECF No. 1 at 9-10). Plaintiff confirms an ultrasound was performed on September 26, 2007. *Id.* at 10. Nevertheless, plaintiff contends Dr. Lehv intentionally disregarded the growth and size of plaintiff's tumor, and plaintiff's pain and difficulty walking. *Id.* at 11. Plaintiff attached to the complaint what appears to be a request for an ultrasound report completed by Dr. Lehv. (*Id.* at Exhibit C, pg. 6).

## **Standard of Review**

### *Rule 12(b)(6) Motion to Dismiss*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). The old formula—that the complaint must not be dismissed unless it is beyond doubt without merit—was discarded by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

The court looks at whether the plaintiff fulfilled his obligation to provide the "grounds of his entitle[ment] to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. at

555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation omitted)). A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); *see Halkin v. VeriFone, Inc.*, 11 F.3d 865, 868 (9th Cir. 1993); *see also Cholla Ready Mix*, 382 F.3d at 973 (*citing Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994)) (stating that on Rule 12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged"). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When analyzing the sufficiency of a complaint, courts may consider the exhibits attached to the complaint. *See Parks Sch. of Bus.*, 51 F.3d at 1484 (citing *Cooper v. Bell*, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)). The court may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading . . . ." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Stone v. Writer's Guild of Am. W., Inc.*, 101 F.3d 1312, 1313–14 (9th Cir. 1996). Here, plaintiff attached a medical request form to his complaint. (ECF No. 1, Exh. C at p. 6). The Court will consider this exhibit in addressing Dr. Lehv's motion.

///

1

### *Standards Applicable to Pro Se Litigants*

Where a plaintiff appears *in propria persona* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under section 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

Nevertheless, the court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation omitted). Thus, before a *pro se* civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F.2d at 623–24. But where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

### *Stating a Claim Under 42 U.S.C. § 1983*

To state a claim under section 1983, the plaintiff must allege facts sufficient to show (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C.A. § 1983 (West

2003); *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir. 1986).

## Discussion

### *Plaintiff's Eighth Amendment Claim Against Dr. Lehv*

Not every prisoner claim of inadequate medical treatment states a violation of the Eighth Amendment. To state a section 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A plaintiff must show: (1) a "'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,''" and (2) the defendant's response "was deliberately indifferent." *Jett*, 439 F.3d at 1096 (*quoting McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1991)).

To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle*, 429 U.S. at 104–05; *Jett*, 439 F.3d at 1096.

Deliberate indifference requires a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. Indeed, "neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't Corrs.*, 220 F.Supp.2d 1098, 1105 (N.D. Cal. 2002) (citing *Farmer*, 511 U.S. at 835–36); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not

support a claim under section 1983). "[A] mere 'difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Also, the indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105–06.

Here, plaintiff has successfully established a serious medical need. Plaintiff alleges the presence of a serious tumor intertwined with his internal parts in a private and sensitive area. (ECF No. 1 at 9-10). Furthermore, plaintiff's complaint and attached exhibits show plaintiff's post-surgery recovery process involved the removal of fifteen surgical staples recovered from plaintiff's surgical site on three separate occasions. (ECF No. 1 at 14-17). The Court finds these allegations and supporting factual descriptions establish a serious medical need.

However, plaintiff failed to establish Dr. Lehv acted with a deliberate indifference to plaintiff's medical needs by indicating on the physician request for services form that the requested service (an ultrasound) was "routine" instead of "emergent" or "urgent," or that Dr. Lehv's consultation was "initial" instead of a "follow-up." Indeed, according to plaintiff's complaint, when plaintiff saw Dr. Lehv on September 6, 2007, Dr. Lehv filled out the request form that same day, and plaintiff received an ultrasound twenty days later on September 26, 2007. Plaintiff failed to allege any facts or argument as to how this twenty day delay in receiving the ultrasound constituted an excessive risk of harm to plaintiff, or that Dr. Lehv knew this delay would cause harm and intended for plaintiff to be harmed by the delay. Similarly, plaintiff failed to allege any facts or argument as to how Dr. Lehv ignored his pain and the growth of his tumor or that Dr. Lehv had any knowledge or involvement in plaintiff's subsequent surgery or consultations.

Importantly, plaintiff failed to allege any facts or argument regarding Dr. Lehv's intent with regard to the treatment of plaintiff's medical condition. Rather, it appears plaintiff disagrees with the medical opinion of Dr. Lehv with regard to whether the ultrasound request was routine or urgent, and whether plaintiff's visit with Dr. Lehv was an initial visit or a follow-up visit. However, a difference of medical opinion or a mere delay in medical care, without more, is not sufficient to sustain an Eighth Amendment cause of action. *See Toguchi*, 391 F.3d at 1058; *Shapley*, 766 F.2d at 407. Plaintiff's allegations against Dr. Lehv fall well short of establishing Dr. Lehv's actions or omissions led to an "unnecessary and wanton infliction of pain" or that Dr. Lehv knew or intended for plaintiff to be harmed by his actions. *Estelle*, 429 U.S. at 105–06.

Accordingly, the Court concludes plaintiff has failed to state a plausible Eighth Amendment cause of action against Dr. Lehv. Even assuming plaintiff's conclusory allegations suggest Dr. Lehv acted negligently, something more than negligence, or gross negligence, or medical malpractice is required for a violation of the Eighth Amendment. *Toguchi*, 391 F.3d at 1060. Accordingly, IT IS RECOMMENDED Dr. Lehv's motion to dismiss plaintiff's Eighth Amended deliberate indifference claim be GRANTED.

### Plaintiff Cannot Recover Monetary Damages from Dr. Lehv

Dr. Lehv seeks dismissal of plaintiff's monetary damages claim to the extent it is based on acts taken in an official capacity. While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, it does not bar damage actions against state officials in their personal capacities. *Will v. Michigan*, 491 U.S. 58, 66 (1989); *Hafer v. Melo*, 502 U.S. 21, 31 (1991). In addition, it does not bar actions against state officers in their official capacities if the plaintiff seeks injunctive relief. *Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir.1989).

Here, plaintiff has sued defendants, including Dr. Lehv, in their official and

- 8 -

individual capacities. Plaintiff's prayer also seeks compensatory and punitive damages as well as injunctive relief. Although plaintiff is foreclosed from seeking money damages against Dr. Lehv in his official capacity, he may still seek injunctive relief against Dr. Lehv in his official capacity as well as money damages against Dr. Lehv in his individual capacity. Accordingly, IT IS RECOMMENDED Dr. Lehv's motion to dismiss plaintiff's claim for money damages ONLY against Dr. Lehv in his official capacity be GRANTED with prejudice. Plaintiff's claim for injunctive relief may not be dismissed on these grounds. *See Chaloux*, 886 F.2d at 252.

### *Dismissal with Prejudice*

A *pro se* litigant should be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *See Karim-Panahi*, 839 F.2d at 623.

Here, revising plaintiff's Eighth Amendment claims against Dr. Lehv would prove futile because plaintiff's claims are entirely premised on a negligence theory of liability. *See Estelle*, 429 U.S. at 106. Furthermore, a review of the record indicates plaintiff did not previously avail himself of an opportunity to file an amended complaint after the Court ruled on the defendants' first motion to dismiss (Dr. Lehv was not included in that motion). In that order, the Court concluded plaintiff's claims against certain defendants failed because, like the claims against Dr, Lehv, plaintiff asserted a negligence theory of liability. *See* (ECF No. 58 at 3). Judge Hayes specifically instructed plaintiff to file an amended complaint on or before April 10, 2012. *Id*. at 5. Judge Hayes further instructed plaintiff that "any defendant not named, and all claims not re-alleged, will be deemed waived." *Id*. Plaintiff neither filed an amended motion, nor requested an extension of time to file an amended motion, nor filed a motion for reconsideration within the sixty day period granted by Judge Hayes.

Accordingly, this Court **RECOMMENDS** plaintiff's allegations against Dr. Lehv be **DISMISSED** without leave to amend.

### Conclusion

For the reasons set forth herein, it is **RECOMMENDED** that an order be entered as follows:

Defendant's Motion to Dismiss plaintiff's claims against Dr. Lehv be **GRANTED** without leave to amend.

**IT IS ORDERED** that no later than April 15, 2013, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than April 22, 2013. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATED: March 28, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court